IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



F I L E D
FEB - 7 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

NATIONWIDE MUTUAL INSURANCE
COMPANY,

    Plaintiff,

v.                                  Civil Case No. 3:16cv340

AMY JO RAIFORD, Administrator
of the Estate of Nancy Sue
Walton, and JOSEPH EARL
WALTON, Jr.

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court following a bench trial on a stipulated record held on the Complaint for Declaratory Judgment ("Complaint") filed by Plaintiff Nationwide Mutual Insurance Company ("Nationwide") (ECF No. 1). For the reasons set forth below, the Court will grant declaratory judgment for Nationwide, and order that it has no duty to defend or to indemnify Joseph Walton in the lawsuit that underlies this case.

## BACKGROUND

Nationwide's Complaint seeks a judicial determination, under 28 U.S.C. §§ 2201 and 1332, that it owes no duty to defend or indemnify Joseph Earl Walton ("Walton") in an action filed in state court against Walton by Amy Jo Raiford, Administrator of

the Estate of Nancy Sue Walton (the "underlying action").[1] For purposes of this declaratory judgment action, the parties have stipulated to the facts respecting Nationwide's insurance policy and the allegations in the complaint in the underlying action (ECF 13) ("Stipulated Facts"). Based on the stipulated facts, NATIONWIDE'S OPENING PRETRIAL BRIEF (ECF No. 14) ("Pl. Br."), the OPPOSITION BRIEF OF DEFENDANT JOSEPH EARL WALTON JR. (ECF No. 18)("Def. Resp."), and NATIONWIDE'S REPLY BRIEF (ECF No. 19) ("Pl. Reply") were filed, and a bench trial (ECF No. 22) was held on January 31, 2017.

### THE STIPULATED FACTS

Walton and Nancy Sue Walton, his wife, were the named insureds in the homeowners insurance policy issued by Nationwide for the period of May 15, 2014 to May 15, 2015. (Stipulated Facts 1). At all times leading up to January 19, 2015, the Waltons were husband and wife and shared the insured home. Id. On January 19, 2015, Mrs. Walton died. Id.

Amy Jo Raiford, daughter of Mrs. Walton, subsequently became administrator of Mrs. Walton's estate and brought a tort suit against Walton on behalf of the estate. Id. at 1-2. After

---

[1] Both Walton and Raiford are named as defendants. Raiford, who has been properly served herein, has declined to file an Answer or participate in any way. Nationwide has not moved for entry of default or for default judgment, preferring instead to have Raiford bound by the result of this trial.

receiving notice of the suit, Nationwide began defending Walton under a full and complete reservation of rights and filed this declaratory judgment action seeking a declaration that it had no duty to defend, and therefore no duty to indemnify, Walton in the underlying action. Id. at 2.

In Virginia, it is well-settled that an "insurer's duty to defend . . . is broader than [the] obligation to pay, and arises whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy." Copp v. Nationwide Mut. Ins. Co., 279 Va. 675, 682 (2010). Consequently, the parties agreed at trial that there is no duty to indemnify if the Court determines that there is no duty to defend. They also agreed that, if the Court decides that there exists a duty to defend, a decision on the duty to indemnify must be deferred until after the underlying action is determined. The analysis in this case therefore rests on the content of the insurance policy and the facts and circumstances alleged in the complaint in the underlying action. Id. Both documents are part of the stipulated record. (Stipulated Facts, Exhibit A-B).

### A. The Complaint In the Underlying Action (ECF No. 13-2)

In relevant part, the underlying complaint ("UC") alleges that Mrs. Walton's death was caused by the intentional and negligent conduct of Walton. (UC ¶¶ 26-27). Specifically, it

3

alleges that Walton intentionally and severely abused Mrs. Walton in the days leading up to and including January 3, 2015, thereby causing an "exacerbation of a treatable medical condition from which she died." (UC ¶ 27). The UC further alleges that, on January 8, 2015, the date on which the decedent "became physically sick and incapacitated," Walton was instructed by Raiford to take Mrs. Walton to Patient First, but that Walton "negligently allowed the decedent to remain unattended." (UC ¶ 9).

Later that same day, after being told of Walton's refusal to seek medical treatment, Raiford allegedly went to the Walton's home and found her mother in a serious state. (UC ¶ 11). Mrs. Walton was flown to VCU Medical Center, where she was diagnosed as having suffered a stroke and where a forensic nurse allegedly "took photographs of all the bruises caused by [Mr. Walton's] beatings." (UC ¶ 12-13). After being returned to hospice care at home, Mrs. Walton passed away on January 19, 2015. (UC ¶ 14). The underlying action seeks damages for the wrongful death, pain, and mental anguish suffered by Mrs. Walton. (UC ¶¶ 25-27). It also alleges that the decedent's daughter, Raiford, has suffered "severe mental anguish, sorrow, loss of solace, companionship and comfort of the decedent as well as loss of her company and love and has otherwise suffered

4

decedent's medical expenses and funeral expenses which Defendant has refused to pay." (UC ¶ 24).

### B. The Insurance Policy (ECF No. 13-1)

The insurance policy is also a part of the stipulated record, and Nationwide argues that it has no duty to defend primarily on the strength of three of its provisions: Paragraphs 1(a) and 1(i) on pages H1 of the policy, and Paragraph 2(f) on page H2. (Pl. Br. 9-18). The relevant provisions state:

1. Coverage E — Personal liability and Coverage F — Medical Payments to others do not apply to bodily injury or property damage:

    a) caused intentionally by or at the direction of an Insured, including willful acts the result of which the insured knows or ought to know will follow from the Insured's conduct. . . .

    i) resulting from acts or omissions relating directly or indirectly to sexual molestation, physical or mental abuse, harassment, including sexual harassment, whether actual, alleged or threatened.

*****

2. Coverage E— Personal liability does not apply to . . .

    f) bodily injury to an insured as defined in Section II— Liability definitions 5.a) and 5.b).

(ECF No. 13-2, H1) (emphases in original). The insurance policy goes on to define "bodily injury" to "mean[] bodily harm, including resulting care, sickness or disease, loss of services or death. Bodily injury does not include emotional distress, mental anguish, humiliation, mental distress or injury, or any

5

similar injury unless the direct result of bodily harm." Id. at G1, ¶ 1 (emphasis in original).

## ANALYSIS

In Virginia, an "insurer's duty to defend ... is broader than [the] obligation to pay, and arises whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy." Copp v. Nationwide Mut. Ins. Co., 279 Va. 675, 683 (2010); see also Lerner v. Gen. Ins. Co. of Am., 219 Va. 101, 104 (1978). This test is commonly referred to as the "eight corners rule" because it "concerns only the four corners of the policy and the four corners of the complaint." Copp, 279 Va. at 682. Applying this test, it is clear that Nationwide has no duty to defend Walton in the underlying action in this case, because no combination of facts alleged in the UC would, if proven, "fall within the risk covered by the policy." Id. at 683.

The UC clearly asserts that Walton caused "bodily injury" to Mrs. Walton within the meaning of the insurance policy. (UC ¶ 26-27). But, both parties agree that both Walton and Mrs. Walton are the "named Insured" of the insurance policy in this case. (Stipulated Facts 1). Therefore, the liability exclusions provided on pages H1 and H2 of the insurance policy apply. Under a plain reading of those exclusions, it is clear that no set of

6

facts found by the jury would trigger coverage under the policy, even when construing the exclusionary language in the light most favorable to the insured as required by Virginia law. Virginia Elec. & Power Co. v. Northbrook Prop. & Cas. Ins. Co., 252 Va. 265, 270 (1996).

If the jury were to find that Walton intentionally caused bodily injury to Mrs. Walton, Paragraph 1(a) of the policy would clearly exclude coverage. (ECF No. 13-2, H1). If the jury were to find that Walton's conduct was merely negligent, it would remain excluded from the policy by Paragraph 1(i), which excludes bodily injuries that are the result of "acts *or omissions* relating directly or *indirectly* to . . . physical or mental abuse." Id. (emphasis added). And, regardless of any level of intent found by the jury, any "bodily injury to an insured" is excluded from coverage by Paragraph 2(f). Id. at H2. Thus, even if every fact alleged in the UC was proven at trial, the policy would not cover any of it. Accordingly, under Virginia law, Nationwide has no duty to defend. See Copp, 279 Va. at 683.

Walton counters these rather obvious results by relying on the allegations contained in Paragraph 24 of the UC, see Def. Resp. at 4-7, but that reliance is misplaced. Paragraph 24 asserts that the decedent's daughter, Raiford, has suffered damages in the form of mental anguish and medical and funeral

7

expenses. (UC ¶ 24). But, while it is true that Raiford is not "an insured" subject to the exclusion in 2(f), she is also not a party to the underlying action. Raiford's mental anguish is only relevant because Va. Code § 8.01-52 allows a jury to consider the mental anguish of a decedent's beneficiaries, as well as any medical and funeral expenses associated with the decedent's death, in arriving at a "fair and just" award in the wrongful death action *brought on behalf of the decedent*. See also Va. Code § 8.01-50. Paragraph 24 is therefore legally irrelevant to the question of liability, and therefore irrelevant to the question of Nationwide's duty to defend. Id.

During the bench trial in this case, Walton's counsel hypothesized that Paragraph 24 could still trigger a duty to defend in the event that Raiford joined the underlying action in her individual capacity before trial, but that argument is also contrary to Virginia law. Even if that hypothetical became reality, Nationwide would still have no duty to defend. In Virginia, plaintiffs may recover for emotional distress only if they can demonstrate an accompanying physical injury, or otherwise prove that the relevant conduct was intentional. See Hughes v. Moore, 214 Va. 27, 34 (1973). Under Paragraph 1(a) of the insurance policy, *all* injuries (to anyone) are excluded from coverage if they are the consequence of an intentional act of "an Insured." (ECF No. 13-2, H1). And, although Walton argues

8

that the jury could find that Raiford's anguish was due to his negligence (and therefore escape provision 1(a)), Raiford would still not recover because she suffered no accompanying physical injury. Thus, even if proven true, the mental anguish alleged in Paragraph 24 of the UC does not "fall within the risk covered by the policy." See Copp, 279 Va. at 683.[2] Therefore, Nationwide has no duty to defend Walton on the basis of Paragraph 24. Because the other facts and circumstances alleged in the UC also do not "fall within the risk covered by the policy," Nationwide has no duty to defend the underlying action in this case. Moreover, because the duty to defend is "is broader than [the] obligation to pay," Nationwide also has no duty to indemnify. Id. Declaratory judgment in favor of Nationwide is therefore appropriate.

## CONCLUSION

For the reasons stated above, the Court finds that Nationwide has no duty to defend Joseph Walton in connection with the underlying action in this case, and no duty to

---

[2] Beyond the legal deficiency noted in this paragraph, the Court also notes that, under a plain reading of its provisions, the policy itself precludes recovery for emotional distress except where a covered person's mental suffering is the direct result of a bodily harm he or she sustained. (See ECF 13-1 at G1, ¶1). Thus, even if were possible for Raiford to personally and successfully sue Walton for her emotional distress, Nationwide would still have no duty to defend in that action.

indemnify in connection with the same. A judgment to that effect will be entered.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 6, 2017